*Fang v. Holder*

BIA
A 098 413 670

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 16ᵗʰ day of April, two thousand ten.

PRESENT:
ROGER J. MINER,
ROBERT A. KATZMANN,
BARRINGTON D. PARKER,
*Circuit Judges*.

_____

ZE FEI FANG,
    *Petitioner*,

    v.

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
    *Respondent*.

_____

09-3489-ag
NAC

FOR PETITIONER:    Yu Zhang, New York, New York.

FOR RESPONDENT:    Tony West, Assistant Attorney General, Civil Division; Michelle Gorden Latour, Assistant Director; Timothy G. Hayes, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner, Ze Fei Fang, a native and citizen of the People's Republic of China, seeks review of a July 20, 2009 order of the BIA denying his motion to reopen and reconsider. *In re Ze Fei Fang*, No. A 098 413 670 (B.I.A. July 20, 2009). We assume the parties' familiarity with the underlying facts and procedural history of the case.

As a preliminary matter, we are without jurisdiction to consider Fang's challenge to the BIA's October 2007 decision denying his application for asylum and withholding of removal because he failed to file a timely petition for review of that decision. *See* 8 U.S.C. § 1252(b)(1); *see also Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 89-90 (2d Cir. 2001). Therefore, the only issue properly before us is whether the BIA abused its discretion in denying Fang's motion to reopen based on the alleged ineffective assistance of his former attorney.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d

2

Cir. 2006). Under *Matter of Lozada*, 19 I. & N. Dec. 637 (B.I.A. 1988), an alien seeking to raise a claim for ineffective assistance of counsel must file a motion with the agency, including:

> (1) an affidavit setting forth in detail the agreement with former counsel concerning what action would be taken and what counsel did or did not represent in this regard; (2) proof that the alien notified former counsel of the allegations of ineffective assistance and allowed counsel an opportunity to respond; and (3) if a violation of ethical or legal responsibilities is claimed, a statement as to whether the alien filed a complaint with any disciplinary authority regarding counsel's conduct and, if a complaint was not filed, an explanation for not doing so.

*Twum v. I.N.S.*, 411 F.3d 54, 59 (2d Cir. 2005); *Esposito v. I.N.S.*, 987 F.2d 108, 110-11 (2d Cir. 1993) (citing *Lozada*, 19 I. & N. Dec. at 639). Here, the BIA found that Fang failed to comply with *Lozada*'s "complaint requirements." Specifically, the BIA stated that Fang failed to file a disciplinary complaint against his former attorney and failed to provide an explanation for such failure. Fang does not dispute this finding but instead argues that it should not be fatal to his claim because he exercised due diligence, informed his attorney of the issue, and gave him an opportunity to rectify the situation. However, we have held that an alien's failure to comply with the *Lozada*

3

requirements constitutes forfeiture of the ineffective assistance claim, and such a failure is thus a proper ground on which the BIA may deny a motion to reopen. *See Jian Yun Zheng v. U.S. Dep't of Justice*, 409 F.3d 43, 46 (2d Cir. 2005)*; cf. Piranej v. Mukasey*, 516 F.3d 137, 142-45 (2d Cir. 2008) (holding that evidence of a general retainer agreement may be sufficient to satisfy the first *Lozada* requirement). As to Fang's contention that he exercised due diligence, the BIA noted that Fang failed to establish the date that he became aware of any alleged ineffective assistance of counsel, and, thus, that Fang is unable to demonstrate whether he exercised due diligence in pursuing his motion to reopen. *See Jian Hua Wang v. B.I.A.*, 508 F.3d 710, 715 (2d Cir. 2007) (rejecting petitioner's claim of due diligence where he failed to "establish[] in the written record . . . what measures he took to reopen his case").

In light of the BIA's findings that Fang failed to comply with Lozada and to demonstrate the exercise of due diligence, the BIA's decision denying his motion to reopen was not "arbitrary or capricious." *Ke Zhen Zhao*, 265 F.3d at 93.

For the foregoing reasons, the petition for review is

4

DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk